# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 4:12-CR-265 |
| v. | § | |
| | § | |
| DAMIAN ORISAKWE | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

This matter having been referred by the Honorable Richard A. Schell, the Court has considered Defendant's Motion to Suppress Evidence (Dkt. 36). After considering the evidence presented and the arguments of counsel at the hearing held on August 5, 2013, the Court finds that the motion should be DENIED.

Defendant Damian Orisakwe is charged in this matter with two counts of production of child pornography in violation of 18 U.S.C.§ 2251(a) and (e). In his motion, Defendant seeks to suppress all evidence obtained through the execution of search warrants served on Yahoo! Inc. and Facebook. Defendant argues that the information sought was initially obtained through subpoenas which did not comport with the Electronic Communications Privacy Act (ECPA), more specifically the Stored Communications Act (SCA). *See generally* 18 U.S.C. § 2703.

During the suppression hearing, Defendant argued that since Facebook is not a electronic communication service provider any disclosure of information obtained from warrants or subpoenas

1

under the statue is subject to suppression. Curiously, Facebook believes itself to be covered by the provisions of the Act. *See In re Facebook, Inc.*, __ F.Supp. 2d __, 2012 WL 7071331 (N.D. Cal. 2012)

Defendant first asserts that there were four subpoenas that triggered the investigation. Defendant contends that the subpoenas had to be served by the Sheriff pursuant to Nevada law but were actually issued by a Lieutenant in the Sheriff's office. The subpoena (Defendant's Ex. 1) which was issued by the Sheriff and signed by a Lt. McGrath on the Sheriff's behalf complies with N.R.S. 193.340.

Defendant also challenges the subpoena because it can only be directed at a provider of an internet service. Nevada Revised Statute 205.4758 defines such a provider as one who provides subscribers with access to the Internet or an electronic mail address, or both. N.R.S. § 205.4758. Defendant claims that Facebook is not an internet provider and has found no cases stating that Facebook is an internet provider. Facebook provides online networking services to more than 500 million monthly users including allowing users to create profiles, upload photos and videos, and connect with friends and others. *See Facebook, Inc. v. Pedersen*, 868 F.Supp.2d 953 (N.D. Cal. 2012). The Court finds that, under the Nevada statute, Facebook fits the definition of a provider of network service. The Government also argues that Facebook provides an email address (attachment A to Government's Supplemental Response). This perforce fits Facebook squarely within the definition contained in the Nevada statute.

Defendant also argues that there was no reasonable cause to issue the subpoena because the investigation began three months after the subpoenas were issued. Testimony established that Defendant's alleged inappropriate contacts came to the attention of the Nevada authorities prior to the subpoenas being issued. There was reasonable cause. Defendant also argues that the search warrants exceeded the scope of either the Nevada or Texas courts' jurisdiction. If the judicial officer signing the search warrant has authority to issue the warrant under state law, then the provisions of the Stored Communications Act have been complied with. *See Hubbard v. MySpace, Inc.*, 788 F.Supp. 2d 319, 323-24 (S.D.N.Y. 2011). Such warrants are not limited to territorial jurisdiction of the issuing authority. *See id.* at 325. *See also Lozoya v. State*, 2013 WL 708489, *2 (Tex.App.-Amarillo, 2013, no pet.). Therefore, Defendant's argument that warrants issued exceeded the territorial limits of their respective jurisdictions lack merit.

Defendant has also challenged the search of various email accounts on a number of other grounds which more or less mirror the grounds addressed above. The Court finds that the majority of Defendant's arguments – for which there is little authority cited, persuasive or otherwise – can be disposed of on two rather cogent grounds. First, there is no right of privacy in subscriber information including IP addresses. Addressing information needed to route communications appropriately and efficiently is not constitutionally protected. *In re Application of the United States Cell Site Data*, __ F.3d __, 2013 WL 3914484 at 9-10 (5th Cir. July 30, 2013). Internet users have no reasonable expectation of privacy in their subscriber information, the length of stored files, and other noncontent data to which service providers must have access. *See United States v. Perrine*,

518 F.3d 1196, 1204 (10th Cir. 2008). The IP address information is provided to the Internet provider so it is hard to contend that there is an expectation of privacy. *See United States v. Christie*, 624 F.F3d 558, 573-74 (3rd. Cir. 2010). Even if Defendant could establish a violation of ECPA, the exclusionary rule is not an available remedy. *See United States v. Clenney*, 631 F.3d 658 (10th Cir. 2011). As a general rule, unless Congress so dictates, there is no exclusionary rule applicable to statutory violations. *See United Sates v. Abdi*, 463 F.3d 547,556 (6th Cir. 2006). EPCA provides no suppression relief. *See* 18 U.S.C. § 2708; *see also Perrine*, 518 F.3d at 1202 ("violations of the ECPA do not warrant exclusion of evidence").

Notwithstanding the reasons noted above, the Court further finds that the good faith exception would apply in any case. An officer may rely in good faith on a search warrant based on more than a mere bare bones affidavit. *See United States v. Cherna*, 184 F.3d 403, 409 (5th Cir. 1999); *see also U.S. v. Muniz*, 2013 WL 391161, 2 (S.D. Tex. 2013). There has been no showing that there was any bad faith involved in the presentation of the warrants. There has been no showing that Detectives Tooley and Hinojosa believed that they were not executing a valid warrant. Nor has any evidence been offered that would show that the judge who issued the warrant was not neutral in considering the evidence before him.

In the end analysis, an individual who goes on Facebook subjects any perceived right to privacy to universal scrutiny. To argue that communications with friends and others are somehow confidential communications defies the reality of our technological society.

**RECOMMENDATION**

The Court recommends that Defendant's Motion to Suppress Evidence (Dkt. 36) be DENIED.

At the hearing, the parties agreed to shorten the objection period in this matter to seven (7) days after issuance of the report and recommendations.

Failure to file written objections to the proposed findings and recommendations contained in this report within the time period above shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 9th day of August, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE